CLARENCE E. McMANUS, Judge.
 

 |
 
 STATEMENT of the case
 

 Algee Edwards filed a Petition for Divorce on December 4, 2001 seeking a divorce from his wife, Angela. The couple had two children. On January 31, 2002, Angela and Algee entered into a Consent Judgment agreeing to joint custody of the two children, with Algee as the primary domiciliary parent. The children were to live with Algee Saturday through Monday, and with Angela Tuesday through Friday. A Judgment of Divorce was then entered on November 25, 2002.
 

 On November 11, 2003, Angela filed a Motion to be Declared the Domiciliary Parent asserting that, although Algee had been designated as the domiciliary parent, she was actually the domiciliary parent and it was in the best interest of the children for her to be named the domiciliary parent. Angela asserted that she was not represented by counsel at the time she entered the consent judgment and did not clearly understand the ramifications of allowing Algee to be designated domiciliary parent.
 

 
 *483
 
 The matter was set to be heard by the Domestic Commissioner of the 24th Judicial District Court on February 3, 2004. The hearing was then continued upon agreement of the parties and reset for March 31, 2004. On March 31, 2004, the [ ^.domestic commissioner appointed a custody evaluator. The evaluator recommended that each parent be granted domiciliary status for one of the two children. However, no further hearings were held at that time and were delayed due to Hurricane Katrina.
 

 On April 27, 2007, Angela filed a Motion to Set for Trial on Merits regarding custody. A pre-trial conference was set for June 1, 2007, a hearing officer conference was set for June 7, 2007, and a hearing date before the district court was set for July 12, 2007. However, service of the motion was never perfected on Algee or his counsel, therefore, the matter was continued and reset for August 6, 2007. The matter was again continued due to scheduling conflicts and was rescheduled for a conference before the domestic hearing officer on September 12, 2007 and for a hearing before the district court on September 27, 2007.
 

 The conference before the hearing officer was held on September 12, 2007 and the hearing officer recommended that Angela be named as the domiciliary parent of both children, notwithstanding the recommendations of the evaluator. An Interim Judgment to that effect was signed by the trial court on September 12, 2007. Algee then filed a timely Objection to Hearing Officer’s Recommendation and Interim Order and Order to Set Default Hearing before the District Court. The hearing was set for the previously scheduled September 27, 2007 trial date.
 

 On September 27, 2007, both parties appeared in the trial court for the hearing. The trial court held a conference at the bench and then made a ruling in open court. The trial court informed the parties and attorneys that the rules provide that memorandum must be submitted within the time frame allowed by the local rules, which is five days from the expiration of the objections for the objecting party, and eight days prior to the hearing for the other party. The trial court stated it did not get memorandums from either party, even though both counsel had | received an Order from the trial court, and the order was placed in the record, mandating submission of the memorandum. The trial court dismissed the objection due to the failure of the parties to submit memorandum.
 

 On September 27, 2007, after the hearing at which the trial court dismissed the objection, Algee filed a Motion to Reset seeking to reset the hearing regarding the change of custody issues that had been dismissed September 27, 2007 by the trial court. Algee also attached a Memorandum to this motion. Algee stated in his motion that neither party had sufficiently apprised the trial court of the issues that were pending, thus, the case could not be taken up on that date.
 

 On October 3, 2007, the trial judge denied this motion to reset and stated that counsel for Algee had written a “False Statement” in his motion because the court had actually dismissed the objection for failure to submit memo, in disregard of the rules and of the court’s specific written order. The trial court further provided reasons for this decision and stated that La. Dist. Ct. Rule 25.4 and 24th JDC Local Rule XII require memorandum and provide for summary ruling against a party in violation. The trial court also noted that it had served the attorneys with two orders to submit memoranda, which were disregarded. The trial court also noted that
 
 *484
 
 the memorandum was received after the objection was dismissed.
 

 Algee then filed a Petition and Order for Appeal with this Court on October 15, 2007. On October 24, 2007, the trial court granted the devolutive appeal and noted that a Per Curiam giving reasons was being issued by the trial court and attached to the Order. In its Per Curiam, the trial court stated that it was aware that the parties had failed to file the required memorandum, therefore, it held a bench conference to inquire whether the dispute could be settled and whether Algee could justify his failure to file the memorandum. The trial court stated that it could not be settled and no explanation was given, therefore, the objection was dismissed. |sThe trial court provides as support for its ruling, Louisiana District Court Rule 9.9 which requires a memorandum be filed with any motion, as well as Louisiana District Court Rule 25.4 and 24th JDC Local Domestic Rule XII which provide that a party filing an objection to a ruling of the domestic commissioner in a domestic case must file a memo in support of the objection within eight days of the ruling. The trial court also states that the rules provide for “summary ruling against the party who failed to submit a timely memorandum.” The trial court found that an Order had been signed and mailed to Algee’s counsel on July 7, 2007 providing that a memorandum must be filed and the pertinent rules were cited. The trial court found that Algee failed to file a memorandum in support of his objection, so opposing counsel cannot file a memorandum in response or adequately prepare for the hearing and the court cannot prepare. Therefore, the trial court dismissed the objection and further, refused to “reset” the dismissed matter after the motion to reset was filed.
 

 DISCUSSION
 

 On appeal, Algee argues the trial court erred in denying his motion to reset the custody matter for hearing and asserts four assignments of error. First, Algee argues that the summary dismissal of a custody case, with prejudice, for failure to submit a pretrial memorandum improperly expands the statutory authority for an involuntary dismissal of a pending matter. Second, Algee argues the dismissal of the child custody case, with prejudice for the parties’ omission of a pretrial memorandum under the circumstances of this case, constitutes unwarranted and overzealous action by the trial court, which exceeds normal judicial discretion for like actions concerning local rules. Third, Algee argues there was not enough evidence in the record to sustain the resulting hearing officer recommendation of a change in child custody. Finally, Algee argues the trial judge has demonstrated a | (¡marked bias, interest in outcome, attempted to taint this panel, and advocate for the opposing party as demonstrated by an apparent personal dislike of counsel bordering on slander.
 

 For the reasons which follow, we reverse the trial court’s judgment dismissing Algee’s objection and remand the matter to the trial court for a full evidentiary hearing on the issue of custody.
 

 We find the trial court was without authority to dismiss Algee’s objection to the hearing officer’s recommendation with prejudice. LA. District Court Rule 9.9 provides that the parties must provide the trial judge and other parties with a memorandum in support of or opposing all motions. That Rule further provides that parties who fail to comply with this rule may forfeit the privilege of oral argument and the court may order the payment of costs incurred on account of the untimeliness.
 

 
 *485
 
 Additionally, the Twenty-Fourth Judicial District Court Rule 25.4 provides that when the pleadings in any domestic matter do not substantially conform to the rules of court, the district judge may impose sanctions as it may deem appropriate, and as provided by law, including but not limited to a denial of the right to oral argument, a continuance of the hearing to permit opposing counsel to adequately prepare for the hearing, a summary ruling against the party who failed to submit proper pleadings timely, or the award of costs.
 

 We agree with the trial court that the parties failed to provide the memorandum as required by the court rules. However, we find the trial court erred in dismissing Algee’s objection to the hearing officer’s recommendation with prejudice. Algee’s counsel apparently thought the dismissal was without prejudice. Thus, he filed the motion to reset and attached a memorandum. When the trial court denied the motion to reset, and later in its Per Cu-riam, it was made |7clear that the trial court intended the dismissal to be with prejudice. This would result in the inability of these parties to ever refile an objection to the Interim Judgment regarding custody or to have an evidentiary hearing before the trial court on this issue.
 

 The court rules discussed above indicate the appropriate sanctions that should be imposed for failure of the pleadings to conform to the rules. However, a dismissal with prejudice is not one of those listed. Even though the list is not exclusive, we find dismissal with prejudice for failure to file memorandums in a domestic case to be an inappropriate sanction. This is a child custody matter and the parties deserve, and should be afforded, a chance to be heard before the trial court in order to make sure the best interest of the children are met.
 

 Therefore, we reverse the trial court s denial of the motion to reset the custody matter for hearing before the trial court, order the parties to comply with the rules and file the necessary memorandum, and order the trial court to conduct a full evi-dentiary hearing on this issue.
 

 REVERSED.